IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS SMITH, | : |
|     Plaintiff | : |
|       v. | : Case No. 3:25-cv-166-KAP |
| JOHNSTOWN FEDERAL BUREAU OF INVESTIGATION | : |
| | : |
|     Defendant | : |

<u>Report and Recommendation</u>

<u>Recommendation</u>

The motion to proceed *in forma pauperis* has been granted. I recommend that the complaint be dismissed without leave to amend.

<u>Report</u>

This is filed as a Report and Recommendation because in <u>Burton v. Schamp</u>, 25 F.4th 198 (3d Cir. 2022), the Court of Appeals held that in cases where judgment may be appropriate as to parties that have not consented before judgment to Magistrate Judge jurisdiction under 28 U.S.C.§ 636(b)(1)(C), the Magistrate Judge should proceed by Report and Recommendation to the District Court, which has Article III authority to dismiss parties and enter final judgment in the matter in favor of parties who have not filed a consent. Plaintiff has returned a consent form, but even if plaintiff has consented to my jurisdiction ordering service of a meritless complaint to determine whether parties in whose favor judgment would be entered would consent to Magistrate Judge jurisdiction under 28 U.S.C.§ 636(b)(1)(C) would waste scarce resources. Accordingly, regardless of any consent or lack thereof by the parties, this format is used because review indicates that the complaint should be dismissed.

For complaints prosecuted *in forma pauperis*, 28 U.S.C.§ 1915(e)(2) commands:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i)   is frivolous or malicious;
        (ii)  fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

This is plaintiff Thomas Smith's eighteenth civil complaint in this court. Smith's complaints generally allege that FBI agents or other law enforcement officers are harassing him over a long-resolved local criminal matter, and that that they are doing this by means of a device implanted in his body, usually described as some sort of transmitter/receiver in his stomach and/or behind his ear. *See* Smith v. Northern Cambria Police, Case No. 3:24-cv-159-NBF-KAP, 2025 WL 216316, at *1 (W.D. Pa. Jan. 16, 2025), *adopting report and recommendation at* 2024 WL 5336646, *summarily aff'd*, No. 25-1273, 2025 WL 1324070 (3d Cir. May 7, 2025). S*ee also* Smith v. Northern Cambria Police Department, Case No. 3:14-cv-180-KRG-KAP (W.D.Pa.); Smith v. FBI, Case No. 3:14-cv-198-KRG-KAP (W.D.Pa.); Smith v Northern Cambria Police Department, Case No. 3:15-cv-117-KRG-KAP (W.D.Pa.); Smith v. FBI, Case No. 3:15-cv-184-KRG-KAP (W.D.Pa.); Smith v. Doe, Case No. 3:16-cv-4-KRG-KAP (W.D.Pa.); Smith v. Hassen, Case No. 3:16-cv-75-KRG-KAP (W.D.Pa.); Smith v. FBI, Case No. 3:16-cv-152-KRG-KAP (W.D.Pa.); Smith v. FBI, Case No. 3:16-cv-165-KRG-KAP (W.D.Pa.); Smith v. Hassen, Case No. 3:16-cv-207-KRG-KAP (W.D.Pa.); Smith v. FBI, Case No. 3:17-cv-146-KRG-KAP (W.D.Pa.); Smith v. FBI, Case No. 3:18-cv-194-KRG-KAP (W.D.Pa.); Smith v. FBI of Pittsburgh, Case No. 3:18-cv-210-KRG-KAP (W.D.Pa.); and Smith v. FBI, Case No. 3:19-cv-18-KRG-KAP (W.D.Pa.); Smith v. FBI, Case No. 3:21-cv-74-KRG-KAP (W.D.Pa.); Smith v. Hassen, Case No. 3:21-cv-193-KRG-KAP (W.D.Pa.); Smith v. FBI Pittsburgh, Case No. 3:22-cv-220-KRG-KAP (W.D.Pa.).

This complaint fails to comply with Fed.R.Civ.P. 8(a) because it lacks plausibility. A complaint has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged. That definition does not impose a probability requirement, but it does require more than a possibility that a defendant has acted unlawfully. *See* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

As I remarked in evaluating Smith's last complaint, he is becoming increasingly brief in his description of what the defendants allegedly are doing. This six-page Pro Se Form 15 complaint, dated June 6, 2025, fills in the "to be completed by the plaintiff" portions of the form. All the allegations about listening devices, etc., are omitted, but Smith's sole meaningful statement is at Part V: "The FBI is still [harassing] me over a moneybag." That fails to nudge the complaint over the line from conceivable to plausible. Furthermore, the sole defendant is the FBI, and federal agencies themselves are in the absence of particular legislation immune from suit, *see* F.D.I.C. v Meyer, 510 U.S. 471, 475 (1994)(federal agency cannot be sued for the torts of its employees).

Even if one disregards the history of the last decade and assumes that Smith may be intending to advance a complaint about some completely unrelated but recent (that is,

post-May 7, 2025, when Smith's last complaint became final) harassment in the allegedly long-closed moneybag investigation, no likely amendment will cure the defect in the complaint. *See* Trengove v. United States Department of Justice, 2024 WL 4210520 at *1 (3d Cir. Sept. 17, 2024), *cert. denied,* 145 S. Ct. 1937, 221 L. Ed. 2d 672 (2025) (United States cannot be sued under Federal Tort Claims Act for agency discretionary investigatory actions). The complaint should be dismissed without leave to amend.

Pursuant to 28 U.S.C.§ 636(b)(1), plaintiff can within fourteen days file written objections to this Report and Recommendation. In the absence of timely and specific objections, any appeal would be severely hampered or entirely defaulted. See EEOC v. City of Long Branch, 866 F.3d 93, 100 (3d Cir.2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

DATE:  October 27, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Thomas Smith
910 Philadelphia Avenue, Apartment 4
Northern Cambria, PA 15714